Dear Administrator Jackson,
This office has received your requests for an official Attorney General Opinion in which you ask, in effect, the following questions:
1. Does the statutory declaration in Section 215.30(B) ofTitle 19 that states "appointees and employees of districtattorneys . . . shall be deemed to be state officers or employeesfor all purposes" subject those individuals to the OklahomaPersonnel Act and the Office of Personnel Management Merit Systemof Personnel Administration Rules in the same way as unclassifiedemployees?
 2. Can elected district attorneys individually decide whetherto participate in the OK Health "pay incentive" program, or isthe statewide district attorneys' system required to participateas a unit?
 I. Appointees and Employees of District Attorneys Are Subject to the Oklahoma Personnel Act and Merit Rules in the Same Way as Unclassified Employees.
In pertinent part Section 215.30(B) of Title 19 states,"All appointees and employees of district attorneys . . . shall be deemed to be state officers or employees for all purposes." "Under the Oklahoma Personnel Act, 74 O.S. 2001 Supp. 2003, §§ 840-1.1-840-6.9, State employees are designated as falling within either `classified' or `unclassified' service." A.G. Opin. 04-30, at 200 (citing 74 O.S. 2001, § 840-1.3[74-840-1.3](6), (27)). Classified employees and positions fall under the jurisdiction of the Oklahoma Merit System of Personnel Administration ("Merit System"). 74 O.S. Supp. 2005, § 840-1.3[74-840-1.3](6). With certain exceptions unclassified employees are excluded from coverage of the Merit System. Id. § 840-1.3(27); see A.G. Opins. 04-30, at 200; 99-44, at 212.
As elected officials, district attorneys and their employees are "unclassified" employees. See 74 O.S. Supp. 2005, § 840-5.5[74-840-5.5](A)(1); 19 O.S. Supp. 2005, §§ 215.34[19-215.34](C); 215.35C. Employees of the District Attorneys Council ("DAC") are "unclassified" employees as well. 19 O.S. 2001, § 215.28[19-215.28]
(B). Accordingly, district attorneys, their employees and the employees of the DAC are excluded from the coverage of the Merit System unless otherwise provided by law. 74 O.S. 2001, § 840-5.1 [74-840-5.1]; see A.G. Opins. 04-30, at 200-01; 99-44, at 212. Therefore, the Oklahoma Personnel Act and Merit System Administrative Rules apply to the appointees and employees of an elected district attorney in the same way as they apply to unclassified employees.
 II. Because District Attorney Offices Are Participating Employers under the Employees Benefits Act, District Attorneys and Their Employees May Participate in Ok Health.
The Oklahoma State Employees Benefits Council ("EBC") was created through the Oklahoma State Employees Benefits Act ("Employees Benefits Act"). 74 O.S. 2001 Supp. 2005, §§1361-1374. The EBC selects benefits to be made available to participants under a flexible benefits plan and retains qualified persons to develop and administer the plan. 74 O.S. Supp. 2005,§ 1365[74-1365]. "Participant" under the plan means "any officer or employee of a participating employer." 74 O.S. 2001, §1363[74-1363](14). "[A]ny state agency, board, commission, department, institution . . . or other entity created by the Oklahoma Constitution or statute that is a participating employer of the . . . Oklahoma Public Employees Retirement System" is a "participating employer" under the Employees Benefits Act. Id.
§ 1363(15).[1] District attorney offices are created by statute and officers, appointees and employees of the office of district attorney are required to be members of the Oklahoma Public Employees Retirement System. See 74 O.S. Supp. 2005, §902[74-902](14)(c); 19 O.S. 2001, § 215.31[19-215.31](A). Therefore, district attorney offices are participating employers under the Employees Benefits Act, and their officers, appointees and employees are plan participants.
The purpose of the Employees Benefits Act includes recognition and protection of the "state's investment in each employee by promoting and preserving good health and longevity among state employees." 74 O.S. 2001, § 1362[74-1362](12). In furtherance of this objective, the EBC offers the OK Health wellness program. Seeid. § 1383(A). Effective January 1, 2006, OK Health is available to all active state employees of participating employers. See
Memorandum OPM 05-47 from the Oklahoma Office of Personnel Management, to All Appointing Authorities (Oct. 25, 2005) (on file with the Attorney General's Office). Because district attorney offices are participating employers under the Employees Benefits Plan, district attorneys and their employees may participate in OK Health.
 III. As the "Appointing Authority" Each District Attorney May Decide Whether to Participate in the OK Health "Pay Incentive" Program.
OK Health offers three wellness incentives to its participants. The first wellness incentive is an initial visit to the participant's primary care physician and lab work at no cost.See OK Health Program, available at
http://www.ebc.state.ok.us/en/OkHealth [hereinafter OK Health Program]. The second wellness incentive is a discount at a participating fitness center. Id. A third possible incentive is the OK Health "pay incentive." OAC 530:10-7-19;[2] see OK Health Program. The "Appointing Authority" of the agency "may pay incentives to employees who participate in OK Health" and may select from one of three incentive packages. Id.
The "Appointing Authority" for an agency is the chief administrative officer of that agency. 74 O.S. 2005, § 840-1.3[74-840-1.3](3). In 1965 the Oklahoma Legislature replaced the former county attorneys by creating the office of district attorney. 19O.S. 2001, § 215.1[19-215.1]. Twenty-seven districts were formed, and the voters of each district were empowered to elect their district attorney every four years beginning in 1966. Id. Administrative functions for these twenty-seven districts were centralized in the DAC, 19 O.S. 2001, § 215.28[19-215.28], and the district attorney system and the DAC were assigned an agency number.
The DAC provides district attorneys with such administrative services as disbursement of all salaries and expenses of the offices of the district attorneys. 19 O.S. Supp. 2005, §215.30[19-215.30](D). Pursuant to 19 O.S. 2001, § 215.28[19-215.28](H)(10), the DAC established "an equitable distribution plan for allocation of any funds or gifts received from public or private sources for state prosecution" and distributes "such funds in accordance with such plan" to each elected district attorney's office. Each elected district attorney is individually responsible for the management and expenditure of these funds. See 19 O.S. Supp. 2005, §§215.34[19-215.34](C) and 215.35C. Because each district attorney is solely responsible for his or her budget[3] and the overall administration of his or her office, each district attorney is the "Appointing Authority" for that office. As the Appointing Authority, each district attorney can decide whether to participate in the OK Health "pay incentive" program.[4]
 It is, therefore, the official Opinion of the Attorney Generalthat:
 1. The statutory declaration of 19 O.S. Supp. 2005, § 215.30(B) that "appointees and employees of district attorneys . . . shall be deemed to be state officers or employees for all purposes" does subject those individuals to the Oklahoma Personnel Act and Merit System Administrative Rules in the same way as unclassified employees.
 2. Because district attorney offices are participating employers under the Oklahoma State Employees Benefits Act, district attorneys and their employees may participate in OK Health. OAC 530:10-7-19.
 3. Each district attorney is the "Appointing Authority" for his or her office; therefore, each district attorney can decide whether to participate in the OK Health" pay incentive" program. The District Attorneys Council is the "Appointing Authority" for the District Attorneys Council and can decide whether the DAC participates in the OK Health "pay incentive" program. OAC 530:10-7-19.
 W.A. DREW EDMONDSON Attorney General of Oklahoma
 BRINDA K. WHITE Assistant Attorney General
[1] In addition, 74 O.S. 2001, § 1362[74-1362](13) provides that elected and appointed officials are entitled to the "same benefits as are provided under the flexible benefits program to state employees."
[2] OAC 530:10-7-19 provides:
(a) Agencies may elect to participate in OK Health, theEmployees Benefits Council's wellness mentoring program, aprogram designed to lower employee health care utilization byimproving overall health. Appointing Authorities may pay incentives to employees who participate in OK Health. The pay incentive shall consist of three separate lump sum payments payable to an employee upon completion of specified steps in the program and shall be available for only the first twelve months of an employee's participation in the program.
(b) A participating Appointing Authority may select one of the three following incentive packages:
(1) Bronze Plan: $100.00 total financial incentive payable as follows:
(A) $25.00 for completing enrollment process;
(B) $25.00 for completion of twelve-week process; and,
(C) $50.00 for completion of year-end follow up evaluation.
(2) Silver Plan: $300.00 total financial incentive payable as follows:
(A) $75.00 for completing enrollment process;
(B) $100.00 for completion of twelve-week process; and,
(C) $125.00 for completion of year-end follow up evaluation.
(3) Gold Plan: $500.00 total financial incentive payable as follows:
(A) $100.00 for completing enrollment process;
(B) $175.00 for completion of twelve-week process; and,
(C) $225.00 for completion of year-end follow up evaluation.
(c) The Employees Benefits Council shall certify to the Appointing Authority employee completion of the enrollment process, the twelve-week process, or the year-end follow up evaluation on a form prescribed by the Council.
Id. (citation omitted).
[3] Participation in the OK Health "Pay Incentive" Program also directly affects the district attorney's budget.
[4] The DAC is the "Appointing Authority" for the DAC and can decide whether the DAC participates in the OK Health "pay incentive" program.